IN THE MATTER OF: IRVIN EDWARD PETERS, JR.

No. 7217DC362

(Filed 24 May 1972)

Infants § 10— juvenile delinquency — absence from school

A finding that a fifteen-year-old juvenile missed twelve out of the first twenty-six days of the school term is insufficient to support the court's order committing the juvenile to the custody of the Board of Youth Development for placement in a school or institution.

DEFENDANT appealed from Harris, District Judge, 16 December 1971 Session of District Court, ROCKINGHAM County.

This case was instituted by a petition filed 12 October 1971 by a Mrs. Alice Y. Loftis of Reidsville, North Carolina. In the petition it is recited that Irvin Eddie Peters (Eddie) is less than sixteen years of age and resides in the district; that his parents are Mr. and Mrs. Irvin E. Peters; that Eddie is a ninth grade student in the Reidsville City Schools and is an undisciplined child.

In re Peters

"During the 1971-1972 school year he has been suspended from school four times. When he is in school he is constantly in the office of the principal due to problems with teachers and students. He has been absent from school 12 days out of 26 belonging [sic] as of October 11, 1971. Eddie was a problem during the 1970-1971 school year also.

Petitioner prays the court to hear the case to determine whether the allegations are true and whether the child is in need of the care, protection or discipline of the State."

The record discloses that pursuant to this petition a juvenile summons was issued December 6, 1971, which was duly served on Eddie and Mr. & Mrs. Irvin Peters.

Upon affidavit of indigency, Judge Harris, on 11 November 1971, appointed W. Edward Deaton as attorney to represent Eddie.

At the hearing Mrs. Loftis testified on examination by the court,

"According to school records Eddie Peters was absent from school 12 out of the first 26 days of school without excuse."

On cross-examination Mrs. Loftis testified,

"Based on the normal 20 day monthly school period Eddie Peters was absent 8 days during the first 20 day period and then was absent for 4 days during the second 20 day period. He has been absent 10 out of 17 days since he was first cited into court, but part of this was due to pneumonia. I have no personal firsthand knowledge of his conduct in school."

The record also reveals a Juvenile Disposition Order entered by Judge van Noppen dated 11 March 1971. The order of Judge van Noppen shows that Eddie was not represented by an attorney but that counsel had been waived. This order of Judge van Noppen then shows the following:

"The Court finds that Irvin Edward Peters, Jr. had furnished a knife to Phillip Wayne Grubbs which was later used in an Assault, and this Juvenile has had some previous trouble at school, but that it is not necessary for him

to be under the supervision of the Juvenile Court Authorities.

It is therefore ordered that Irvin Edward Peters, Jr. be placed in care of and under the supervision of his parents, and that he obey them at all times, and that he attend school regularly."

This is all the evidence that was presented to the Court in support of the petition.

The evidence on behalf of Eddie is to the effect that he missed school as he was under a doctor's care; that he is fifteen years old and in the ninth grade; that he does better in some subjects than in others; and that he is pretty sure he was failing some subjects but that he was doing good in shop and science and part of physical education; that he is physically larger than most of the children in school; that he likes to work with his hands and would rather be out working than going to school. He testified,

". . . I work afternoons from 4:00 until 9:00 at night during the week, and on Saturdays and Sundays at Jarrell and Sons Kenco Station. I use the money that I earn to buy my clothes and what other needs arise. If I do not have anything that I need that week I give the money to my mother for whatever she needs to do with it. At present I am living at home with my mother and my two (2) sisters who are 20 years old and 16 years old. . . . My mother works, and leaves home at 6:30 in the morning. She usually gets me up for school and then comes home around 5:00. I see my father every day or so.

I feel a responsibility about being the man of the household now. I have felt this way for a long time.

I have worked at different places before. Sometimes I have worked for nothing just because I like to work, and it keeps me out of trouble. I have not been in any other trouble other than that which has occurred at school."

Leona Epperson Peters, the mother of Eddie, testified that she and her husband had been separated since March of 1970, and that Eddie's school problems had gotten worse since the separation; that Eddie resented his father having left

In re Peters

home; that what he testified to about working and helping is true; that she had had no trouble with Eddie other than school-related problems; that Eddie had had a lot of trouble with his health and had had pneumonia every year and that last year he had been in the hospital three weeks with a chest problem.

The court, of its own motion, amended the petition to allege that the juvenile is a delinquent child within the meaning of the statute.

The following judgment was entered by the Court:

"The Court finds as a fact that said child has committed the acts alleged in the petition, to wit: Being unlawfully absent from school twelve out of the first twenty-six days of the 1971-72 school term. The Court further finds that said child has wilfully violated his probation, or the Order of the Honorable L. H. van Noppen at the March 11, 1971, term, wherein he was ordered to attend school regularly.

It is therefore ordered that said child be committed to the Board of Youth Development to be placed in such school or institution as said Board deems necessary and fit.

This the 16th day of December, 1971.

G. M. HARRIS
Judge Presiding"

*Attorney General Robert Morgan by Associate Attorney Edwin M. Speas, Jr., for the State.*

*McMichael, Griffin & Post by W. Edward Deaton for defendant appellant.*

CAMPBELL, Judge.

The defendant assigns as error the judgment entered for that same is not supported by the evidence and that the order of Judge van Noppen entered 11 March 1971, is not a probationary sentence within the meaning of the statute and the order therein was not one that could be modified by another district court judge.

With regard to the order of 11 March 1971, entered by Judge van Noppen, it is noted that he specifically found,

"[I]t is not necessary for him to be under the supervision of the Juvenile Court Authorities."

There were no conditions attached to the order of Judge van Noppen.

In the present hearing the only evidence before the Court and the facts found by the Court were that the juvenile had missed twelve out of the first twenty-six days of the school term. All of the evidence was to the effect that Eddie was a good worker, liked to work, and used his earnings for worthwhile purposes. He missed considerable school because of poor health, and it can be assumed this was due to the fact that he did not like to go to school. Is this sufficient evidence to justify putting this fifteen-year-old boy in an institution for delinquents?

We note that the North Carolina Penal System Study Committee organized by the North Carolina Bar Association at the request of Governor Robert W. Scott has filed a preliminary report dated May 1, 1972, entitled "As the Twig Is Bent, A Report on the North Carolina Juvenile Correction System."

In this Report the following appears:

"The Committee is of the opinion that approximately fifty percent of the children in our training schools should never have been sent there. This opinion is shared by staff personnel of the training schools, child psychiatrists and psychologists who are professionally involved with these students. . . . The only offense that many of the students have committed is that they do not like or cannot adjust to school."

The instant case is a good example of this situation. Eddie obviously is a child who should be afforded some technical training where he can use his hands and develop his aptitudes along that line and have some motivation. He obviously does not take to book learning. Forcing him into a classical schoolroom introduces a disruptive element which is not good for the school, the teachers, the other students and likewise is not good for Eddie.

Suffice it to say that in the instant case the findings entered by the judge do not support the judgment ordering Eddie into the custody of the Board of Youth Development to be placed in a school or institution.

Reversed.

Chief Judge MALLARD and Judge BROCK concur.